UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| TUSCUMBIA CITY SCHOOL SYSTEM, on behalf of itself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. CV-12-S-332-NW |
| PHARMACIA CORPORATION, ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This putative class action case is before the court on a motion by defendant, Pharmacia Corporation, to dismiss Count III of plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted.[1] In the alternative, defendant asks the court to require plaintiff, the Tuscumbia City School System, to provide a more definite statement of Count III.[2]

Plaintiff filed its Second Amended Complaint, which added Count III, on October 19, 2012, following denial of defendant's motion to dismiss the First Amended Complaint.[3] Except for the addition of Count III, ambiguously entitled

---

[1] Doc. no. 32.

[2] *Id.*

[3] *See* doc. no. 31 (Second Amended Complaint); doc. no. 23 (Memorandum Opinion Denying Motion to Dismiss).

"Products Liability," in the Second Amended Complaint, the First and Second Amended Complaints are essentially the same.[4]

Defendant argues that Count III should be dismissed, because it alleges "strict liability in tort" for products liability, which is not available under Alabama law.[5] Alternatively, defendant seeks a more definite statement on the grounds that the generalized claim for "products liability" is ambiguous.[6] Specifically, defendant claims that it is unclear whether plaintiff asserts a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), or some other legal theory.[7]

In response, plaintiff notes that Count III "precisely tracks" the elements of the AEMLD as articulated by the Supreme Court of Alabama.[8] Defendant responds that a more definite statement is still warranted: the Second Amended Complaint should be amended to clearly reflect the nature of Count III, and to eliminate the inconsistency of alleging an AEMLD claim for "strict liability in tort" within the same count.[9]

Upon consideration, the court will deny the motion to dismiss, but grant the

---

[4] *Compare* doc. no. 12 (First Amended Complaint) *with* doc. no. 31 (Second Amended Complaint).

[5] Doc. no. 32 (Motion to Dismiss) ¶¶ 3-4.

[6] *Id.* ¶¶ 5-7.

[7] *Id.* ¶ 6.

[8] Doc. no. 33 (Plaintiff's Response), at 1.

[9] Doc. no. 34 (Defendant's Reply), at 2-4.

motion for a more definite statement, and order plaintiff to file an amended complaint.

## I.  LEGAL STANDARDS

**A.     Rule 12(b)(6) Motion to Dismiss**

The standards for reviewing motions to dismiss based upon Federal Rule of Civil Procedure 12(b)(6) were fully reviewed in the memorandum opinion entered in this action on June 27, 2012, and will not be reiterated here.  *See* doc. no. 23, at 2-4.

**B.     Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) permits a party to move "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The movant "must point out the defects complained of and the details desired." *Alabama v. U.S. Army Corps of Engineers*, No. CV-90-BE-01331-E, 2006 WL 6080869, at *1 (N.D. Ala. Mar. 29, 2006) (Bowdre, J.).  Rule 12(e) supplements the court's "authority to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

## II.  FACTS AS ALLEGED

A summary of the "Background Facts" alleged in plaintiff's first amended complaint was included in Part II of the memorandum opinion entered in this action

3

on June 27, 2012 as document number 23. Plaintiff's second amended complaint worked no substantive revision in those allegations. Hence, they will not be reiterated here.

### III.  DISCUSSION

Defendant argues that Alabama law does not permit strict liability in tort on products liability claims and, therefore, because the final paragraph of Count III "seek[s] a trial on defendant's strict liability in tort," the Count must be dismissed.[10] For complex reasons that are not necessary to the disposition of the motion to dismiss (and that this judge previously addressed in another context), defendant is technically correct that the AEMLD does not utilize traditional strict liability. *See Huntsville City Board of Education v. National Gypsum Co.*, No. CV-83-325L, slip op. at 42-45 (Madison Co. Ala. Cir. Ct., Aug. 27, 1984) (discussing the "hybrid" nature of the AEMLD as articulated by *Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976), and *Casrell v. Altec Industries, Inc.*, 335 So. 2d 128 (Ala. 1976)) (appended to the court's June 27, 2012 opinion denying defendant's first motion to dismiss); *see also Cain v. Sheraton Perimeter Park South Hotel*, 592 So. 2d 218, 220 (Ala. 1991). The present, totally unnecessary (and for that reason, frustrating) issue leads this court to the conclusion that plaintiff's counsel did not even bother to read that opinion or

---

[10] Doc. no. 32 (Motion to Dismiss) ¶¶ 3-4.

its attachment.

Defendant's motion, however, overlooks the factual allegations in Count III that sufficiently state a cause of action under the AEMLD. To establish AEMLD liability, a plaintiff must demonstrate that

> he suffered injury or damage to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
>
> > (a) the seller is engaged in the business of selling such a product, and
> >
> > (b) [the product] is expected to and does reach the user or consumer without substantial change in the condition in which it was sold.

*Tanksley v. ProSoft Automation, Inc.*, 982 So. 2d 1446, 1049-50 (Ala. 2007); *see also Atkins*, 335 So. 2d at 141. Count III alleges that defendant was in the business of selling PCBs, and that those PCBs were defective and unreasonably dangerous.[11] It also alleges that: defendant expected its product to reach plaintiff; the product did, in fact, reach plaintiff without substantial change in its condition; and, the product caused damages to plaintiff and its property.[12] Consequently, plaintiff has stated the factual predicates for an AEMLD claim.

Indeed, even defendant's reply brief does not argue that Count III fails to state

---

[11] Doc. no. 31 (Second Amended Complaint) ¶¶ 55-57; *see also id.* ¶¶ 9-12, 14-15, 28, 32.
[12] *Id.* ¶¶ 54, 56, 58; *see also id.* ¶¶ 29-31.

a claim upon which relief can be granted under Alabama's peculiar variation of the theme first sounded in other jurisdictions as the concept of "strict liability in tort." Instead, once plaintiff "clarified in its Response that it intends for Count III of the Second Amended Complaint to state a claim under the [AEMLD],"[13] defendant's reply brief addressed only the propriety of requiring a more definite statement.[14] Defendant's brief closes by urging the court to "require Plaintiff to file an amended complaint that clearly and unambiguously identified its legal theory in Count III."[15]

Ordering plaintiff to more definitely state Count III is the proper course here. That conclusion is especially warranted when, as here, the case is a putative class action. As defendant observes, disambiguating the theory behind Count III "will make clearer discovery, clearer responsive pleadings, and clearer framing of the issues if Plaintiff seeks class certification."[16] *See Fikes*, 89 F.3d at 1083 n.6 (noting the court's authority to order a more definite statement to further the orderly, efficient, and economic disposition of a case). Clarity of the record will also be furthered, because the basis of Count III will be *in plaintiff's complaint*, rather than in representations within a brief submitted in response to a motion to dismiss.

---

[13] Doc. no. 34 (Defendant's Reply), at 1-2.
[14] *See id.* at 2-4.
[15] *Id.* at 4.
[16] *Id.* at 3-4.

Second, and related to the clarity rationale, a more definite statement is proper in order to resolve the inconsistency between, on one hand, the pleading of a claim under Alabama's Extended Manufacturer's Liability Doctrine and, on the other hand, the characterization of that claim as one for "strict liability in tort." In sum, defendant has met its burden of "point[ing] out the defects complained of and the details desired." *U.S. Army Corps of Engineers*, 2006 WL 6080869, at *1; *see* Fed. R. Civ. P. 12(e). The motion for a more definite statement is due to be granted.

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, defendant's motion to dismiss is DENIED. Defendant's alternative motion for a more definite statement is GRANTED. Plaintiff is ORDERED to file an amended complaint that more definitely states Count III on or before December 5, 2012.

**DONE** and **ORDERED** this 27th day of November, 2012.

_____
United States District Judge